UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MELISSA MCALLISTER,

        Plaintiff,

v.

        Case Number 09-11911-BC
        Honorable Thomas L. Ludington

CITY OF STANDISH, KEVIN KING,
GARRET SALTER,

        Defendants.
_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTION TO DECISION OF THE MAGISTRATE JUDGE

On December 10, 2009, Defendants Standish and King's motion to compel deposition testimony and determine sufficiency of objection [Dkt. # 13] was referred to United States Magistrate Judge Charles E. Binder for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). On December 24, 2009, the magistrate judge issued a notice of hearing scheduled for January 12, 2010. Plaintiff's counsel did not appear at the hearing. The magistrate judge concluded that Plaintiff's counsel did not prosecute her position, and imposed $500 in costs associated with defense counsel's appearance at the hearing. The magistrate judge also determined that Plaintiff's counsel's objections lodged at Plaintiff's deposition were insufficient because the sought after evidence was relevant. Now before the Court is Plaintiff's objection [Dkt. # 18] to the magistrate judge's decision. To sustain Plaintiff's objection, the Court must find that Plaintiff has demonstrated that the magistrate judge's decision was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

Plaintiff first objects to the imposition of costs, because Plaintiff's counsel was not aware

of the scheduled hearing and the magistrate judge declined Plaintiff's counsel's offer to appear late. Notably, the hearing was properly noticed and scheduled well in advance. Individual notice was sent to both Attorney Manda Westervelt and Attorney Victor Mastromarco electronically, and available for viewing on the public docket sheet. While Plaintiff's counsel offered to come to the hearing, after being contacted by the magistrate judge's office fifteen minutes after the hearing was scheduled to begin, the magistrate judge was not obligated to adjust the Court's schedule to accommodate this belated request, particularly when additional time would have been required for Plaintiff's counsel to drive to the Court from another city. Thus, Plaintiff has not demonstrated that the magistrate judge's decision was "clearly erroneous or contrary to law," and this portion of Plaintiff's objection will be overruled.

Second, Plaintiff objects that the questions that defense counsel sought to ask at Plaintiff's deposition are not relevant. Generally, defense counsel sought answers to questions related to a photograph of a naked breast that Plaintiff admitted was on her cell phone. In her complaint, Plaintiff alleged that Defendant Salter sexually harassed her by "demand[ing] that Plaintiff show him pictures that he believed to exist of her naked breasts," and "continued to demand to see these pictures even calling her after work hours and expressing his hostility toward her that she had not shown him certain pictures of her naked breasts that he believed to exist."

Despite these allegations, Plaintiff contends that further information regarding the photograph that Plaintiff admitted was on her cell phone is not relevant because it is not relevant whether "Plaintiff had been bluffing about the existence and/or nature of the photograph, since it is Chief Salter's intent and conduct, and not the actual existence of the photograph, which is actionable and forms the basis of Plaintiff's claim." Given the fact that the existence of photographs of

Plaintiff's naked breasts is directly implicated by the allegations of Plaintiff's complaint, the sought after evidence appears to be relevant and the magistrate judge's decision was not "clearly erroneous or contrary to law." Thus, this portion of Plaintiff's objection will be overruled.

Accordingly, it is **ORDERED** that Plaintiff's objection [Dkt. # 18] to the magistrate judge's decision is **OVERRULED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 6, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 6, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS